evoke strong emotional reactions, including generating anger). *Accord Collins*, 986 S.W.2d at 21 ("[T]he inherent prejudice of admitting color photographs of a bruised, bloodied, nude, infant victim is apparent.").[1] Such graphic, visceral portrayals of a dead child, in my view, create an unacceptable risk of influencing jurors to reach conclusions based on factors other than a strict application of the law to the facts. Furthermore, I fail to appreciate why Dr. Land's descriptions of the nature and extent of the injuries would not have been sufficient absent the graphic facial close-up and full-body photographs. Indeed, at trial, the pathologist meticulously depicted the injuries suffered by the child-victim through his verbal testimony, before the autopsy photos were introduced. *See* N.T., Oct. 22, 2013, at 888–912.[2] From my point of view, Dr. Land's explanation during the pre-trial proceedings—that he believed it was "imperative that the jury has the ability to see what I saw ... so they can have a better understanding of the totality of the injuries," N.T., Oct. 4, 2013, at 33—represents little more than the sort of *ipse dixit* that should be eschewed by trial and appellate courts. Again, I also regard the trial court's additional reward-the-perpetrator rationale as being inconsistent with the presumption of innocence.

For the above reasons, I would award a new trial and, accordingly, respectfully note my dissent.

---

**WALLER CORPORATION, Appellee**

v.

**WARREN PLAZA, INC., Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 6, 2015.
Decided Dec. 21, 2015.

John A. Bacharach, Esq., for Warren Plaza, Inc.

Marcia Lynn Telek DePaula, Esq., Adam Stephen Ennis, Esq., Steptoe & Johnson PLLC, Canonsburg, for Waller Corporation.

---

1. While I recognize that there are decisions of this Court which suggest to the contrary, from my point of view, the jurisprudence is inconsistent. *Compare, e.g., Commonwealth v. Wade*, 480 Pa. 160, 172, 389 A.2d 560, 566 (1978) (rejecting a challenge to the admission of photographs of a child-victim's body), *with Commonwealth v. Powell*, 428 Pa. 275, 279 & n. 1, 241 A.2d 119, 121 & n. 1 (1968) (alluding to the "emotional impact" that photographs of a deceased victim's body "would undoubtedly have on the jury," to a degree that limiting instructions were insufficient to alleviate the prejudice). The variance, I believe, is exacerbated by the wide discretion allocated to trial courts in the first instance.

Although the *Powell* decision is distinguishable because there was little probative value in the photographs in the circumstances presented, the *Powell* Court obviously considered the disturbing photographs to be inherently inflammatory; whereas, the *Wade* Court pronounced that a set of photographs of a child-victim's body was "not inflammatory" in the first instance.

2. The main body of Dr. Land's direct testimony occurred before introduction of the photographs. Throughout the subsequent publishing of the relevant photographs to the jury, the pathologist briefly recapped his previous testimony. *See id.* at 920–26.

## ORDER

PER CURIAM.

The appeal is dismissed as having been improvidently granted.

**Wesley BRENNAN, Appellant**

v.

**DEPARTMENT OF CORRECTIONS, Appellee.**

Supreme Court of Pennsylvania.

Dec. 21, 2015.

Wesley Brennan, Pro Se.

Theron Richard Perez, Vincent R. Mazeski, Pennsylvania Department of Corrections, Mechanicsburg, for Department of Corrections.

## ORDER

PER CURIAM.

**AND NOW,** this 21st day of December, 2015, the order of the Commonwealth Court is **AFFIRMED.**

**Edward L. WRIGHT, Appellant**

v.

**COMMONWEALTH of Pennsylvania, BOARD OF PROBATION AND PAROLE, Appellee.**

Supreme Court of Pennsylvania.

Dec. 21, 2015.

Edward L. Wright, Pro Se.

Alan Matthew Robinson, Kara W. Haggerty, Pennsylvania Board of Probation & Parole, Harrisburg, for Pennsylvania Board of Probation & Parole.

## ORDER

PER CURIAM.

**AND NOW,** this 21st day of December, 2015, the Order of the Commonwealth Court is AFFIRMED.

**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Arthur PHILLIPS, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 17, 2015.

Filed Dec. 14, 2015.